**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-2185

BRIAN HORSLEY,

Plaintiff - Appellant,

v.

KBP INVESTMENTS; FQSR, LLC, trading as KBP Foods,

Defendants - Appellees,

and

GBENGA OLAGBAJU, KFC, General Manager,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:20-cv-03241-PX)

Submitted:  June 20, 2024                    Decided:  June 27, 2024

Before NIEMEYER, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Horsley, Appellant Pro Se.  James Randall Coffey, FISHER & PHILLIPS LLP, Kansas City, Missouri, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Horsley filed an amended complaint against his former employer, FQSR, LLC d/b/a KBP Foods ("KBP"), alleging that KBP failed to provide reasonable accommodations for his disability and, instead, unlawfully terminated his employment due to this disability or in retaliation for requesting reasonable accommodations, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1202 to 12213, and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 (2023). KBP moved to dismiss the amended complaint as a sanction for Horsley's failure to respond to its discovery requests, appear for his deposition, and comply with the district court's orders. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b). KBP also requested compensation for the expenses it incurred due to Horsley's failure to attend his deposition. *See* Fed. R. Civ. P. 37(d)(3). The district court granted KBP's motions, ordering Horsley to pay $200 to compensate KBP for the cost of the court reporter and dismissing the amended complaint. Horsley appeals that order and challenges several of the court's discovery-related rulings. We affirm.

"In reviewing a district court's findings and discovery rulings, we are mindful of the broad discretion accorded to district courts to supervise discovery, including the imposition of sanctions for discovery abuses, as part of their case-management authority." *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (internal quotation marks omitted). And because "[a] district court has wide latitude in controlling discovery," "its rulings will not be overturned absent a showing of clear abuse of discretion." *Id.* (internal quotation marks omitted). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails

3

to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024) (internal quotation marks omitted).

"If a party fails to obey an order to provide or permit discovery, fails to appear for a deposition, or fails to serve a response after being served with interrogatories or a request for production, the district court may order sanctions, including" dismissing the complaint. *Mey*, 71 F.4th at 218; *see* Fed. R. Civ. P. 37(b)(2)(A)(v). But "[w]hen the sanction involved is [dismissal], the district court's range of discretion is more narrow because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mey*, 71 F.4th at 218 (internal quotation marks omitted). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

To determine the propriety of dismissal as a sanction for discovery violations, the court must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mey*, 71 F.4th at 218 (internal quotation marks omitted). Moreover, "a party is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction." *Id.* (cleaned up).

4

A district court also has the authority to dismiss an action for a party's failure to comply with its orders, and we review a court's decision to dismiss on this ground for an abuse of discretion. *See* Fed. R. Civ. P. 41(b); *Atkisson v. Holder*, 925 F.3d 606, 620, 625-27 (4th Cir. 2019). "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal." *Atkisson*, 925 F.3d at 625 (internal quotation marks omitted). But "recognizing the severity of dismissal as a sanction," we have "identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b)." *Id.* Specifically, the court "should weigh: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (internal quotation marks omitted).

Limiting our review to the issues raised in Horsley's informal brief, we discern no abuse of discretion in the district court's order granting KBP's motions for sanctions. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under [4th Cir. R. 34(b)], our review is limited to issues preserved in that brief."). Specifically, the district court did not abuse its discretion in concluding that Horsley acted in bad faith by failing to respond to KBP's discovery requests, even after the court directed him to do so; that KBP was prejudiced by Horsley's recalcitrance; that Horsley's discovery violations and noncompliance with the court's orders was misconduct that needed to be deterred; and that any sanction less drastic than dismissal would not serve that purpose. We also find no merit to Horsley's challenges to the district court's

5

discovery-related orders, *see Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir. 2017) (reviewing discovery rulings for abuse of discretion), and conclude that Horsley's allegations of misconduct by counsel and the district court are entirely baseless.

Accordingly, we affirm the district court's discovery-related orders and its order granting KBP's motions for sanctions and dismissing Horsley's amended complaint. *Horsley v. KBP Invs.*, No. 8:20-cv-03241-PX (D. Md. Jan. 24, May 17, July 28, and Nov. 7, 2022). We deny Horsley's motion to vacate the district court's final order, motion for reconsideration of several of our orders, and motion to stay certain orders and expedite the decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*